THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GS HOLISTIC, LLC,                          :

          Plaintiff,               :          Case No. 3:23-cv-294

        v.                           :          Judge Walter H. Rice
                                                       Mag. Judge Michael R. Merz

M&W SONS, INC., *et al.*,                 :

          Defendants.            :

---

ORDER SUSTAINING PLAINTIFF GS HOLISTIC, LLC'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (DOC. #24), OVERRULING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT M&W SONS, INC. (DOC. #25);
DEFENDANT M&W SHALL ANSWER PLAINTIFF'S COMPLAINT (DOC. #1) WITHIN
FOURTEEN (14) DAYS OF ENTRY; PLAINTIFF SHALL EFFECT SERVICE UPON
DEFENDANT MANEER WAHDAN PURSUANT TO PROCEDURE SET FORTH IN
SECTION II.C; JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANTS M&W, MAHMOUD WAHDAN, MANEER WAHDAN,
AND MONEER WAHDAN ON THE ISSUE OF THE ACTIVITY, VALIDITY AND
OWNERSHIP OF TRADEMARK NOS. 6,174,291, 6,174,292, AND 6,633,884

---

On October 2, 2023, Plaintiff GS Holistic, LLC, filed suit against Defendants

M&W Sons Inc. ("M&W"), Mahmoud Wahdan ("Mahmoud"), Maneer Wahdan

("Maneer"), and Moneer Wahdan ("Moneer"), concerning alleged infringement of

United States Patent and Trademark Office ("USPTO") Registration Nos.

6,174,291; 6,174,292; and 6,663,884 ("Stundenglass Marks"). (Compl., Doc. #1).

Affidavits of service with respect to M&W, Moneer, and Mahmoud were filed with

the Court on December 29, 2023. (Docs. #8, 9, 10, respectively). On January 19,

2024, Mahmoud and Moneer filed a *pro se* answer. (Doc. #11). However, M&W did not answer the Complaint, and there is no record of Maneer being served. None of the Defendants was represented by counsel until August 15, 2025, when present counsel appeared as trial attorney for all four Defendants. (Notices of Appearance, Docs. #29, 30).

Upon Orders by the Court (Docs. #21, 22), on June 21, 2025, Plaintiff filed a Motion for Partial Summary Judgment against all Defendants with respect to the activity, validity, and ownership of the Stundenglass Marks (Doc. #24), and on June 27, 2025, Plaintiff filed a Motion for Default Judgment against M&W. (Doc. #25). On August 1, 2025, Mahmoud and Moneer submitted a Motion for Extension of Time to Retain Counsel, claiming that they were never served and were unaware of the proceedings against them. (Doc. #27, PAGEID 321). The Court sustained the Motion for Extension the same day, granting Defendants until September 15, 2025, to respond to the Summary Judgment and Default Judgment Motions (Notation Order, Doc. #28); the Court subsequently extended this deadline to October 15, 2025. (Notation Order, Doc. #32).

On October 15, 2025, Defendants filed their memorandum *contra* the Summary Judgment Motion, stating that they "do not oppose Plaintiff's request for partial summary judgment regarding the validity and ownership of the trademarks at issue in this case. Defendants do, however, submit that Plaintiff is not entitled to summary judgment regarding liability." (Memo. in Opp., Doc. #34, PAGEID 349). In its memorandum *contra* the Default Judgment Motion, M&W

2

notes that a Clerk's Entry of Default was never entered against it, and argues that

absent such an entry, the Court cannot enter default judgment. (Memo. in Opp.,

Doc. #33, PAGEID 336, 337-38, citing FED.R.CIV.P. 55; *Ramada Franchise Sys. v.*

*Baroda Enters., LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004); *Fields v. Ohio Dep't of*

*Rehab. & Corr.*, No. 2:15-cv-1271, 2015 U.S. Dist. LEXIS 71849, *1 (S.D. Jun. 3,

2015) (Kemp, Mag. J.), *report and recommendation adopted at* 2015 U.S. Dist.

LEXIS 149758 (S.D. Ohio Nov. 4, 2015) (Sargus, J.)). Alternatively, M&W observes

that the descriptions by Plaintiff's process server, from when he purportedly

served Mahmoud personally and as M&W's registered agent, were inconsistent,

despite the services supposedly taking place at the same time and place. (*Id.* at

PAGEID 338). M&W argues that this inconsistency means it is uncertain whether

M&W and Mahmoud were ever served; at the very least, M&W claims, the

inconsistency and Mahmoud's prompt action in retaining counsel upon becoming

aware of the proceedings show that M&W did not engage in culpable conduct.

(*Id.* at PAGEID 338-39, citing *United States v. $22,050.00 United States Currency*,

595 F.3d 318, 327 (6th Cir. 2010); *Shepard Claims Serv., Inc. v. William Darrah &*

*Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)).

    M&W further argues that Defendants have meritorious defenses as to both

willful liability and damages. (Doc. #33, PAGEID 339-40, citing 15 U.S.C. §§

1114(1)(b), 1114(2)(a)). Finally, M&W claims that it "has not destroyed documents

related to this lawsuit and has attempted to work with Plaintiff to resolve this

dispute. Plaintiff asserts the same claims within this lawsuit against many

3

Defendants and Plaintiff will not be prejudiced to have to litigate another case with essentially the same facts." (*Id.* at PAGEID 341, citing *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011)). M&W concludes that none of the three relevant factors weighs in favor of default, Plaintiff's Default Motion should be overruled, and M&W should be granted leave to answer the Complaint. (*Id.*).

Plaintiff did not file reply memoranda, and the time for doing so has expired. S.D. OHIO CIV.R. 7.2(a)(2). The matters are ripe for decision.

## I.   Legal Standards

### A.   Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986). Once the burden has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings," and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure Civil § 2726 (3d ed. 1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed.R.Civ.P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for

some specific facts that might support the nonmoving party's claim." *InterRoyal*

*Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). If it so chooses, however,

the court may also consider other properly presented materials in the record.

FED.R.CIV.P. 56(c)(3).

### B. Default Judgment

A Clerk's Entry of Default is a prerequisite to obtaining a default judgment.

*Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012); *see also Shepard*, 796 F.2d at

193 ("entry of default is just the first procedural step on the road to obtaining a

default judgment").

"The court may set aside an entry of default for good cause[.]" FED.R.CIV.P.

55(c).

> When a defendant seeks relief from an entry of default, three
> equitable factors are considered to determine if "good cause" has
> been shown under the Rule 55(c) component of the analysis: "(1)
> whether culpable conduct of the defendant led to the default, (2)
> whether the defendant has a meritorious defense, and (3) whether
> the plaintiff will be prejudiced."

*Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006), quoting *Waifersong, Ltd. v.*

*Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992). Whether to set aside an

entry of default is a matter of discretion. *See Shepard Claims Serv., Inc. v. Wm.*

*Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (reviewing refusal to vacate entry

of default for abuse of discretion). Nonetheless, there is a strong preference for

adjudicating cases on their merits; "any doubts as to the propriety of setting aside

a default judgment should be resolved in favor of the application, even in a case

6

where the showing is not strong." *Hogan v. Cleveland Ave. Rest., Inc.*, No. 2:15-cv-2883, 2023 WL 2664417, *1 (S.D. Ohio Mar. 28, 2023) (internal quotation marks and citation omitted) (Marbley, C.J.)).

## II.    Analysis

### A.    Summary Judgment

In its Motion, Plaintiff presents substantial, valid, and undisputed evidence that the Stundenglass Marks are valid, active, and assigned to Plaintiff. Specifically, Plaintiff has attached true and accurate copies of the Stundenglass Marks registration with the USPTO. (C. Folkerts Decl. 1, Doc. #24-1, PAGEID 119, ¶ 7, citing Marks, Doc. #24-1, PAGEID 121-26).

> Receipt of a registered trademark automatically invokes a statutory presumption that the trademark is valid. The statutory presumption shifts the burden of proof to the party challenging the validity of the mark. Furthermore, the District Court may not overrule the decision of registerability of the Patent and Trademark Office (PTO) unless the party challenging the mark argues persuasively that the mark was ineligible for protection.

*Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590, 593 (6th Cir. 1989) (internal citations omitted). Defendants do not challenge the validity of the Stundenglass Marks; nor do they dispute Plaintiff's statements that the Stundenglass Marks were active and owned by Plaintiff at all relevant times in the litigation. (Doc. #24-1, PAGEID 120, ¶ 14).

As there is no dispute, much less a material one, over activity, validity, and ownership of the Stundenglass Marks, Plaintiff's Motion for Partial Summary Judgment (Doc. #24) is SUSTAINED. Judgment shall ultimately enter in favor of

7

Plaintiff and against Defendants that Stundenglass Marks Nos. 6,174,291; 6,174,292; and 6,633,884 have been continuously valid, active, and assigned to Plaintiff.

**B.    Default Judgment**

While Plaintiff argues that the Clerk filed an Entry of Default on June 6, 2025 (Doc. #25, PAGEID 162, citing Order, Doc. #22), the Clerk has never entered default in the captioned case; nor has Plaintiff moved for such an entry against M&W or any of the other Defendants.  As one cannot obtain default judgment without first obtaining an entry of default, *Shepard*, 796 F.2d at 193, the Default Judgment Motion must be overruled for that reason alone.

Even if the Clerk had entered default against M&W, however, the Default Judgment Motion would still not be well-taken.  As to the first factor, for Defendants' conduct "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."  *Shepard Claims*, 796 F.2d at 194. "Culpable conduct" is not merely careless conduct or inexcusable neglect.  *Id*. Plaintiff does not argue that Defendants intentionally thwarted proceedings in this Court; nor could it reasonably so argue.  Further, as discussed above, Plaintiff's own process server gave inconsistent descriptions of Mahmoud when serving him at the same time and place with respect to M&W versus personally.  (*Compare* Doc. #8, PAGEID 69 (describing Mahmoud as 50 years old and 5'7") *with* Doc. #10, PAGEID 73 (describing Mahmoud as 40 years old and 5'8").  Given the uncertainty

8

of whether Mahmoud was served, the Court cannot conclude that M&W acted with reckless disregard for the proceedings. Thus, the Court concludes that M&W's conduct was not culpable.

"In determining whether a defaulted defendant has a meritorious defense[,] likelihood of success is not the measure. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (internal quotation marks and citations omitted). M&W's proffered defenses—lack of intent and damages are disproportionate to harm— are facially valid and, if proven, would limit M&W's liability. Indeed, even when a party is in default, the factual allegations in the Complaint are admitted only as to liability; the Court must conduct an independent inquiry as to damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). Thus, the "meritorious defense" factor weighs against enforcing a default.

Finally, as to prejudice, the undersigned notes that courts are loath to keep defaults in place based solely on prejudice. *See Shepard*, 796 F.2d at 194 ("when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."). Also, Plaintiff is litigating more than thirty cases in this Court alone regarding alleged infringement of the Stundenglass Marks. In other words, Plaintiff would be pursuing nearly identical claims for nearly identical relief, meaning that the prejudice from setting aside the

9

default would be minimal. As all three factors weigh against enforcing a default, the Default Judgment Motion(Doc. #25) is OVERRULED for that reason as well. M&W shall answer, move, or otherwise respond to the Complaint within fourteen (14) days.

### C.    Maneer Wahdan

As discussed above, there is no record of Plaintiff serving Maneer, and Maneer has not answered, moved, or otherwise participated in the case. However, Fredric Young and D. Alexander Niswonger have appeared on behalf of Maneer. (Notices of Appearances, Docs. #29, 30). In the interest of bringing this case to resolution, the Court orders the following:

1. Within seven (7) days of entry, counsel for Maneer shall inform counsel for Plaintiff whether they agree to accept service as to Maneer;

2. If counsel for Maneer agrees to accept service, then counsel for Plaintiff shall effect service within seven (7) days thereafter;

3. If counsel for Maneer refuses to accept service, then counsel for Plaintiff shall effect service upon Maneer within thirty (30) days of denial. Maneer will be responsible for all costs of service, including attorney fees, if his counsel refuses; and

4. Maneer shall answer, move, or otherwise respond to the Complaint within fourteen (14) days of service.

## III.    Conclusion

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment (Doc. #24) is SUSTAINED, and its Motion for Default Judgment (Doc. #25) is OVERRULED  Judgment shall ultimately enter in favor of Plaintiff and against Defendants as to the activity, validity, and ownership of the Stundenglass Marks.

M&W shall answer, move, or otherwise respond to the Complaint within fourteen (14) days.  Service against Maneer shall proceed according to the process set forth in Section II.C.

IT IS SO ORDERED.

November 13, 2025

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

11