THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

|  |  |  |
|---|---|---|
| GS HOLISTIC, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 3:23-cv-294 |
| M.W. & SONS, INC., *et al.*, | : | Judge Walter H. Rice |
| Defendants. | : | |

---

ORDER SUSTAINING MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS M&W SONS, INC., MAHMOUD WAHDAN, AND MONEER WAHDAN (DOC. #70) AND OVERRULING AS MOOT DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 26, 2026, ORDER (DOC. #66); JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF GS HOLISTIC, LLC; TERMINATION ENTRY

---

This matter is before the Court on the Motion for Summary Judgment of Defendants M&W Sons, Inc. ("M.W"), Mahmoud Wahdan ("Mahmoud"), and Moneer Wahdan ("Moneer") (Summary Judgment Motion, Doc. #70), and Defendants' Motion for Reconsideration of the Court's May 26, 2026, Order. (Motion for Reconsideration, Doc. #66).  In the Summary Judgment Motion, Defendants argue that claims against Mahmoud and Moneer should be dismissed with prejudice, because the strict liability imposed for violations of the Lanham Act of 1946, 15 U.S.C. § 1051 *et seq.*, does not extend to officers of corporations in

their individual capacities absent a finding of willful or intentional misconduct by those officers, which Plaintiff GS Holistic, LLC, has not been able to show.  (Doc. #70, PAGEID 477-78 (collecting cases)).  Defendants claim that, because Mahmoud and Moneer did not have any knowledge of infringement prior to receiving notice of the lawsuit, Mahmoud and Moneer cannot be held liable individually simply because they are owners of M&W.  (*Id.* at PAGEID 478, citing Mahmoud Wahdan Decl., Doc. #70-17, PAGEID 988-89, ¶ 17).

Defendants further argue that, were this Court to find liability and impose damages upon M&W, those damages should be limited to the statutory minimum of one thousand dollars ($1,000.00), as Plaintiff's actual damages according to its expert are $607.85.  (Doc. #70, PAGEID 480-86, citing 15 U.S.C. § 1117(c)(1); P. Multani Expert Report, Doc. #70-13, PAGEID 863-916).  However, Defendants aver that, of the three waterpipes bearing a counterfeit Stundenglass mark that Defendants purchased from a wholesaler, one broke while on the shelf, and the other two were sold to Plaintiff's investigator.  (Moneer Decl., Doc. #70-18, PAGEID 991-92, ¶¶ 4-6).  Thus, Defendants argue, any harm suffered by Plaintiff is speculative.  (Doc. #70, PAGEID 486-87).

Moreover, Defendants note that Plaintiff, as a company, actually operated at a loss in 2025 and has submitted no evidence that it earned any profit from the sale of Stundenglass-branded waterpipes.  Consequently, Defendants claim, an award of even nominal damages is improper, since Plaintiff suffered no harm from any negligent infringement by Defendants of Plaintiff's trademark.  (Doc.

2

#70, PAGEID 487-88, citing *Amerstate, Inc. v. Pace Mortg. Corp.*, No. C-3-89-281, 1992 U.S. Dist. LEXIS 22742, *23 (S.D. Ohio Jun. 10, 1992) (Rice, J.); C. Folkerts. Dep., Doc. #70-12, PAGEID 749-50)).

On February 6, 2026, the Court issued a Preliminary Pretrial Conference Order. (Doc. #50). Therein, the Court set a deadline for filing motions for summary judgment of July 1, 2026, (*id.* at PAGEID 421), with which Defendants complied. (Doc. #70). The Court set a deadline for filing any memorandum *contra* such a motion of July 15, 2026. (Doc. #50, PAGEID 421). While a party in this Court normally has twenty-one days to file a memorandum *contra* any motion for summary judgment, S.D. OHIO CIV.R. 7.2(a)(2), the Court, as part of its inherent authority to manage its docket, has significant discretion to shorten or lengthen deadlines. *See, e.g.*, *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *McLaurin v. Terminix Int'l Co., L.P.*, 13 F.4th 1232, 1241 (11th Cir. 2021) (district court's implementation of scheduling order is reviewed for abuse of discretion).

This case has been pending for almost three years, and Plaintiff has been on notice of the expedited briefing schedule for more than five months. Moreover, Plaintiff demonstrated its awareness of the case deadlines when counsel for Plaintiff participated in a conference call with the undersigned on June 11, 2026, one day before the discovery cutoff (Doc. #50, PAGEID 421), to request to

3

extend that deadline, which the Court did. (Order, Doc. #69). Accordingly, the Court's enforcement of the July 15, 2026, cutoff for filing a memorandum *contra* is proper.

"The Sixth Circuit has consistently explained that failure by a party to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed." *Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 775 (S.D. Ohio 2021) (Cole, J.) (alterations and internal quotation marks omitted); quoting *Rogers v. Mich. Dep't of Corr.*, No. 1:17-cv-383, 2019 WL 1388677, at *1 (W.D. Mich. Mar. 6, 2019); citing *Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 Fed. App'x 567, 569 (6th Cir. 2013); *see also Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (collecting cases) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."); *Humphrey v. United States Atty. Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (internal quotation marks and citation omitted ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

As Plaintiff failed to respond at all to Defendants' Motion, which encompasses all claims raised against them, Plaintiff has abandoned all claims against Defendants and forfeited any arguments as to why judgment in favor of Defendants and against Plaintiff is not appropriate. Moreover, the undisputed

4

evidence before the Court demonstrates that: Mahmoud and Moneer did not engage in any intentional, willful, or even reckless infringement of Plaintiff's trademark, making liability against them inappropriate; and Plaintiff's operational loss and failure to delineate the portion of earnings attributable to the Stundenglass mark means that even an award of any damages, even nominal statutory damages, is inappropriate.

In sum, Defendants have met their *prima facie* burden to show no genuine issue of material fact as to Mahmoud and Moneer's liability and as to lack of damages suffered by Plaintiff.  Fed.R.Civ.P. 56(a).  Thus, their Summary Judgment Motion (Doc. #70) is SUSTAINED, and their Motion for Reconsideration (Doc. #66) is OVERRULED AS MOOT.  Judgment shall enter in favor of Defendants and against Plaintiffs.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

IT IS SO ORDERED.

July 20, 2026

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

5