**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **GS HOLISTIC, LLC,** | : | **CASE NO. 3:23-cv-00294** |
| **Plaintiff,** | : | **District Judge Walter H. Rice** |
| **v.** | : | |
| **M.W. & Sons, Inc., et al.,** | : | |
| **Defendants.** | : | |

DEFENDANTS M.W. & SONS, INC., MAHMOUD WAHDAN, AND MONEER WAHDAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION

Defendants M.W. & Sons, Inc. ("M.W."), Mahmoud Wahdan ("Wahdan"), and Moneer Wahdan ("Moneer") (collectively "Defendants"), through counsel, hereby submit this Memorandum in Opposition to Plaintiff GS Holistic, LLC's ("Plaintiff") Motion for Extension of Time ("Motion for Extension"). Plaintiff has failed to provide a valid, good cause excuse for an extension of time to respond to Defendants' Motion for Attorney Fees and Sanctions. A memorandum in support follows.

Respectfully submitted,



________________________________
FREDRIC L. YOUNG (0059544)
CARIN E. BIGLEY (0090231)

GREEN & GREEN, Lawyers
800 Performance Place
109 North Main Street
Dayton, Ohio 45402
Phone: (937) 224-3333
Fax: (937) 224-4311
E-mail: flyoung@green-law.com
cebigley@green-law.com
*Attorneys for Defendants,*
*M.W. & Sons, Inc., Mahmoud Wahdan,*
*and Moneer Wahdan*

MEMORANDUM

## I. INTRODUCTION

Throughout the course of this litigation, Plaintiff has obtained several extensions of time of its own volition due to missing deadlines and misrepresenting the status of this case, as well as the sister case *GS Holistic, LLC v. PQR Enterpr., Inc.* et al., 3:23-cv-00317 ("PQR Case"). As a result, the proceedings in this matter have been substantially delayed. Plaintiff's continued extensions resulted in Defendants incurring additional attorney fees and expenses, which has been detailed in depth in Defendants' Motion for Summary Judgment as well as Defendants' Motion for Attorney Fees and Sanctions ("Motion for Fees"). Now, on the exact date that a response to Defendants' Motion for Attorney Fees and Sanctions is due, Plaintiff has moved the Court to extend a response time by thirty (30) days, simply because Plaintiff has a pending Motion for Relief pursuant to Civ. R. 59(E) and/or Civ. R. 60(B). Plaintiff contends that granting its Motion for Relief would render Defendants' Motion for Fees moot and thus, Plaintiff should not be required to respond until after the Court rules on Plaintiff's Motion for Relief.

This logic has three (3) flaws: First, it assumes that Defendants' Motion for Fees will be rendered moot if Plaintiff is granted relief. This premise is incorrect, because Defendants can still be awarded partial attorney fees and sanctions based upon Plaintiff's conduct throughout the

course of litigation. Second, it assumes that there is a reasonable likelihood that Plaintiff will be granted relief in the first place, despite the fact that Defendants have not even responded yet. Third, and most importantly, it assumes that a non-moving party can avoid a Court's decision on a pending Motion for Fees and delay the process simply by filing a Motion for Relief because the non-moving party disagrees with the Court's disposition on the merits. All three (3) of these assumptions are *non sequitur* and would unreasonably delay full adjudication of this litigation.

Plaintiff should not be permitted to bypass yet another deadline simply because Plaintiff filed a Motion for Relief and the faulty premise that if the Court grants that motion, Defendants' Motion for Fees will allegedly be rendered moot. In addition, Plaintiff has failed to establish good cause for the extension, as its reasoning and/or basis for the extension is based on its own pending Motion for Relief filed *after* Defendants' Motion for Fees. It is a self-created and self-serving excuse for additional time that should not be considered good cause. Plaintiff had twenty-one (21) days to respond to Defendants' Motion for Fees. Instead of responding within the appropriate time frame, Plaintiff filed a Motion for Relief fourteen (14) days after Defendants filed their Motion for Fees. If Plaintiff had time to file a Motion for Relief, then Plaintiff had time to respond to Defendants' Motion for Fees. Further, Plaintiff waited until the day the response to Defendants' Motion for Fees was due to request an extension. Manufacturing an excuse to not respond to Defendants' Motion for Fees does not constitute "good cause" for an extension. Therefore, Plaintiff's Motion for an Extension should be denied.

## II. LAW AND ARGUMENT

Under Civ. R. 6(b)(1)(A) the response time to a pending motion may be extended upon motion by a party "for good cause." Even where a moving party demonstrates good cause, the Court is not required to grant a motion for an extension of time – it is discretionary. *Ott v. Fed.*

*Home Loan Mortg. Corp.*, 535 Fed. Appx. 488, 489 (6th Cir. 2013) (Where a party moving for an extension of time files the motion on the day the response is due and alleges a holiday schedule constitutes "good cause," it is not an abuse of discretion to deny the motion for an extension). The Sixth Circuit further held that where the moving party failed to identify the basis for the inability to meet the deadline, good cause had not been shown. *Id*. "[I]ssues averted in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Id*.

In the context of extending a previously established scheduling order under Civ. R. 16, "good cause" is measured by the moving party's due diligence in attempting to meet the deadline. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Id*. While the Southern District of Ohio has not established a bright line test for an extension under Civ. R. 6(b) other than "good cause," the Western District of Kentucky applies the *Leary* analysis. "When deciding whether good cause exists, a court may consider 'the moving party's diligence in attempting to meet the deadlines' and 'prejudice to the nonmoving party.'" *Ky. Peerless Distilling, LLC v. Fetzer Vineyards Corp.*, W.D. Ky. No. 3:22-CV-037-CHB, 2022 U.S. Dist. LEXIS 254073 at 2.

While Plaintiff is not seeking to extend the deadline under Rule 16, the same analysis should apply here. Proper due diligence would have enabled Plaintiff to respond to the Motion for Fees within the requisite time frame. Again, if Plaintiff had time to research and draft a Motion for Relief, Plaintiff also would have had time to research and draft a response to Defendants' Motion for Fees. Appropriate time management and due diligence would have enabled Plaintiff to file both its Motion for Relief and a response to the Motion for Fees. Thus, this Court should apply the due

diligence analysis as in *Leary* and *Ky. Peerless*, and consider both Plaintiff's due diligence in responding and/or the prejudice to Defendants in granting the requested extension.

This litigation has been dragged on for almost three (3) years due to Plaintiff's and Plaintiff's counsel's conduct.[1] Defendants have every right for a reasonable and quick adjudication at this late stage of litigation. The ongoing delays and extensions obtained by Plaintiff have caused Defendants to incur additional, otherwise unnecessary fees to their detriment and prejudice. In fact, Defendants must now incur even more attorney fees to oppose yet another request for an extension by Plaintiff's counsel, simply because Plaintiff's counsel manufactured an excuse or other reason to avoid responding to Defendants' Motion for Fees. Plaintiff initiated this litigation against Defendants, with minimal to no basis and having sustained no cognizable claim of damages that it could prove – let alone identify. To continue to permit Plaintiff to delay this litigation directly prejudices Defendants, because they are entitled to a final resolution of dispute as a result of which, caused them to lose their businesses and force them into early retirement.

Plaintiff and Plaintiff's counsel should be required to directly address each claim and allegation raised by Defendants in their Motion for Fees instead of bypassing and avoiding said allegations through their own manufactured technicality that may not even come to fruition. Defendants' deadline to respond to the Motion for Relief does not expire until September 2, 2026. After that, Plaintiff still has seven (7) days until September 9, 2026, to file a Reply to Defendants' Memorandum in Opposition. Plaintiff requested that the Court grant an additional thirty (30) days (until September 24, 2025) to respond or, alternatively, fourteen (14) days after the decision on the

[1] Defendants' Motion for Summary Judgment and Motion for Fees both detail numerous instances whereby Plaintiff delayed litigation to Defendants' detriment and prejudice. For example, this case was delayed for 478 days (approximately 15 months) with Plaintiff providing no activity in the case until the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute on January 22, 2025. (Doc 14). While this single failure to prosecute probably caused the greatest delay in the case, the only cause of delay by Defendants was their delayed opposition to Plaintiff's Motion for Default, which was filed after Defendants were able to finally retain defense counsel. That delay was made entirely in good faith.

Motion for Relief is decided (which would be September 23, 2026). In essence, Plaintiff has asked for a difference of one (1) day, assuming the Court even decides the Motion for Relief on September 9, 2026.

Even if the Court decides not to evaluate the prejudice to Defendants by this ongoing litigation, repeatedly delayed for three (3) years by Plaintiff and Plaintiff's counsel, the Court should review whether Plaintiff's counsel could have met the deadline to respond through standard due diligence. As previously discussed, the entire reason Plaintiff seeks an extension of time is based upon Plaintiff's own manufactured excuse – by relieving Plaintiff from judgment, Plaintiff contends that Defendants' Motion for Fees will be rendered moot. This, however, is not necessarily true considering that Defendants moved for sanctions on several bases, and an award of fees and/or sanctions can be in whole or in part, dependent upon what reason the Court imposes said fees and/or sanctions. Put another way, if the Court determines that Defendants incurred additional expenses due to Plaintiff's and/or Plaintiff's counsel's litigation conduct (e.g., misrepresentations to the Court and/or repeated unjustified delays of Plaintiff's own making), the Court may award partial fees and/or sanctions based on specified conduct. That specified conduct will not relate back to the ultimate disposition of the case itself, which is what Plaintiff's Motion for Relief is based upon.

Plaintiff provides no viable reason or "good cause" as to why it is unable to meet the deadline to respond to Defendants' Motion for Fees. Plaintiff had twenty-one (21) days, which is seven (7) days beyond the standard response time. In the interim, Plaintiff filed a Motion for Relief which must have required significant research and drafting time. Plaintiff reasonably could have responded to Defendants' Motion for Fees within the extended deadline if Plaintiff had the requisite time to research and draft a Motion for Relief. Had Plaintiff's counsel exercised ordinary

due diligence, Plaintiff could easily have responded to Defendants' Motion for Fees within the timeline prescribed by the Court. Plaintiff should not be permitted to manufacture a reason to bypass a valid Motion for Fees simply to avoid having to address and respond to the copious prior instances of sanctions issued across the country by numerous other U.S. District Courts. It is likely for this reason that Plaintiff does not actually want to respond to Defendants' Motion for Fees. Plaintiff should be required to respond. For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for an Extension of Time.

Respectfully submitted,

FREDRIC L. YOUNG (0059544)
CARIN E. BIGLEY (0090231)
GREEN & GREEN, Lawyers
800 Performance Place
109 North Main Street
Dayton, Ohio 45402
Phone: (937) 224-3333
Fax: (937) 224-4311
E-mail: flyoung@green-law.com
cebigley@green-law.com
*Attorneys for Defendants,*
*M.W. & Sons, Inc., Mahmoud Wahdan,*
*and Moneer Wahdan*

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been filed electronically through the Court's electronic filing system on the date stamped above. Notice was sent to all parties by operation of the Court's electronic system. Parties may access this filing through said system.

FREDRIC L. YOUNG (0059544)
CARIN E. BIGLEY (0090231)